VICTOR HOTEL CORP., a Florida corporation; Cardozo Hotel Corp., a Florida corporation, Senator Hotel Corp., a Florida corporation; Carlyle Hotel Corp., a Florida corporation; and The Royale Group, Ltd., a Delaware corporation, Plaintiffs/Counterdefendants,

v.

FCA MORTGAGE CORPORATION, a California corporation, and Commonwealth Land Title Insurance Company, a Pennsylvania corporation, Defendants/Counterplaintiffs.

No. 86–0171–Civ.

United States District Court,
S.D. Florida,
Miami Division.

June 27, 1986.

Barry Richard, Tallahassee, Fla., for plaintiffs/counterdefendants.

William Crenshaw, Miami, Fla., for defendants/counterplaintiffs.

## ORDER APPOINTING RECEIVER

SCOTT, District Judge.

This cause having come on to be heard upon the Defendant FCA MORTGAGE CORPORATION ("FCA")'s Motion for Appointment of a Receiver, and the Court, having heard testimony and being otherwise fully advised in the premises, finds:

A. The security for the loan which is the subject of this action consists of: (i) the Carlyle and Leslie hotels (the "Operating Hotels"); and (ii) Victor, Cardozo, Senator and Cavalier hotels (the "Renovating Hotels"); all at Miami Beach, Florida.

B. It is necessary for this Court to appoint a receiver for the Operating Hotels and the Renovating Hotels (together, the "Hotels") and related property in order to preserve and protect their value, pending determination of this cause.

Accordingly, it is hereby ORDERED AND ADJUDGED:

1. *Appointment.* MICHAEL ZARET is appointed Receiver of the real and personal property which is described in and covered by the Notice of Lis Pendens heretofore filed in this action (the "Property") which consists principally of the Hotels and related property, to serve as such Receiver until further order of this Court.

2. *Oath.* Within ten (10) days of the date of this Order, Receiver shall file with this Court an Oath of Receiver in the form attached hereto as Exhibit "A".

3. *Bond.* Receiver shall obtain a surety bond in the amount of $250,000, to be provided by a corporate surety, in the form attached hereto as Exhibit "B" or such other form as this Court may approve, the bond to be payable to this Court in order to provide coverage to Plaintiffs, Defendants, and other parties as their respective interests may appear, for loss due to intentional, willful, or grossly negligent actions in violation of this Order, or dishonest acts of the Receiver and all agents, servants, or employees of such Receiver. The Bond shall be filed with the Clerk of this Court within twenty (20) days of the date of this Order.

4. *Inventory.* The Receiver shall prepare and file in the Court on or before thirty (30) days from the date he takes possession, a full and detailed inventory, under oath, of all the real and personal property, assets, and effects of every nature involved in the Property of which he is hereby given custody.

5. *Possession of Property.* The Receiver shall immediately take possession of all the assets, files, papers, records, documents, monies, securities, choses in action, books of account, and all other property, real, personal, or mixed, of the Plaintiffs, which relate to the Property and which are within the jurisdiction of this Court, and shall retain custody of all such Property, records, and documents until further order of this Court. All persons or corporations now or hereafter in possession of the Property, or any part thereof, or any

other of the items entrusted to Receiver, shall forthwith surrender such possession to the Receiver. The Plaintiffs and Defendant FCA and their respective employees and agents shall have access to the above records and documents upon reasonable notice and during business hours. The Receiver is hereby authorized to employ agents, servants and employees and to contract as necessary for the purpose of taking possession of the Property, and carrying out the terms of this Order. The Receiver shall collect the rents, revenues, and profits from the Property, including those now due and unpaid, and hereafter to become due.

6. *Duties of Receiver.* Receiver shall preserve, protect, and maintain the Property in a reasonable, prudent, diligent and efficient manner. Without limitation of that general duty, Receiver shall have the following specific duties:

(a) *Plan for Operating Hotels.* Receiver shall use its best efforts to determine whether the Operating Hotels can be operated in a profitable manner, and shall file with this Court, within 30 days from the date of this Order, a report on this subject and a recommendation and plan either to proceed with operation or close operation of the Operating Hotels. If this Court shall order the Receiver to operate the Operating Hotels, the Receiver shall use its best efforts to rent all available rooms and facilities in the Operating Hotels at competitive rates, to operate the existing restaurant facilities profitably, to maintain the buildings, appurtenances and grounds of the Operating Hotels in accordance with first class standards, including, without limitation, interior and exterior cleaning, painting and decorating, plumbing, carpentry, maintenance of air conditioners and elevators, and such other normal maintenance and repair work as may be appropriate, subject to the requirements and limits of the Budget.

(b) *Security.* Receiver shall provide appropriate security for all of the Property. Receiver shall cause the construction at the Renovating Hotels to be protected and secured from the elements, theft and vandalism to the maximum extent reasonably practical, and shall cause the construction sites to be fenced, locked, lighted appropriately and patrolled by security guards on a 24-hour basis.

(c) *Budget.* Within 30 days from the date of this Order, Receiver shall file with this Court a detailed operating budget (the "Budget") for the performance of Receiver's duties hereunder.

(d) *Insurance.* Receiver shall maintain appropriate property insurance for the Property, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, and burglary and theft insurance. Receiver shall promptly investigate and file a full, prompt written report with the Clerk of this Court as to all serious and material accidents, claims for damage relating to the ownership, operation and maintenance of the Property, and any damage or destruction to the Property, and the estimated cost of repair thereof, and shall prepare any and all reports required by any insurance company in connection therewith.

(e) *Operating Account.* Effective immediately upon entry of this Order, Receiver shall establish and maintain, at a bank whose deposits are insured by the Federal Deposit Insurance Corporation, a separate operating account (the "Operating Account") into which Receiver shall deposit all receipts from the Property and from which Receiver shall disburse regularly and punctually (to the extent available), all amounts due and payable as reasonable, necessary and proper operating expenses of the Property, subject to the Budget and the terms of this Order.

(f) *Records.* Receiver shall maintain at the Property a comprehensive system of office records, books, and accounts concerning the operation of the Property. Upon reasonable notice, and at all reasonable times, Plaintiffs and Defendant FCA and their respective agents and other representatives shall have reasonable access to such records, accounts and books and to all vouchers, files, and all other material

pertaining to the operation of the Property, all of which Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Project.

(g) *Legal Requirements.* Receiver shall ensure that all aspects of the Property, and its operation and management, comply with any and all laws, regulations, orders or requirements affecting the Property issued by any federal, state, county or municipal authority having jurisdiction thereover.

(h) *Expenses.* Receiver shall not incur, without prior order of this Court, any item of cost or expense which will cause a budget deficit in the annual or monthly amount approved for that particular category of cost or expense, as shown in the Budget.

(i) *Major Repairs and Improvements.* In addition to the restrictions set forth in the Budget, Receiver shall not incur any obligation for major repairs, improvements, additions or alterations to the Property requiring expenditures in excess of $5,000.00 without prior order of this Court.

(j) *Use and Maintenance of Premises.* Receiver shall not permit the use of the Property for any purpose which will or might void any required policy of insurance or which might render any loss thereunder uncollectible, or which would be in violation of any law or government restriction.

(k) *Service Contracts.* Receiver shall not enter any service contracts affecting the Property, having a term of more than 3 months or a total compensation of more than $10,000.00, except with prior order of this Court. In submitting all such service contracts to Plaintiff for its approval. Receiver shall disclose any affiliate relationship, pecuniary interest, that it may have with or in such contracting party.

(*l*) *No Waste.* Receiver shall not suffer, cause or permit: (i) any removal of any real or personal property owned or leased by Hotel Plaintiffs and pertaining to the Property; nor (ii) any waste of the Property or any of the components thereof.

7. *Receiver's Certificate.* Upon further order of this Court, Receiver may borrow up to $250,000 from Defendant FCA for the performance of its duties hereunder or any other entity.

8. *Monthly Reports.* The Receiver is directed to prepare, on or before the 15th day of each month, commencing July 15, 1986, so long as the Property shall remain in his possession or care, a full and complete report, under oath, setting forth all receipts and disbursements, cash flow, and reporting all changes in the assets in his charge, or claims against the assets, that have occurred during the period covered by the report. The Receiver is directed to file all reports with the Clerk of this Court under cover and marked "Confidential", and no such report is to be opened for inspection by the Clerk of the Court without an order of the Court directing that it be opened. Any party desiring to have any report opened for inspection may petition this Court for same, be heard thereon, and permitted to inspect such report for good cause shown. The Receiver is directed to serve a copy of each report on the attorneys of record for the Defendant FCA and the Plaintiffs herein.

9. *Fees.* The Receiver shall be entitled to payment of fees for his services from time to time in amounts to be approved by the Court. All such fees, and any other charges, expenses, or fees incurred may be paid from the proceeds of Receiver's Certificates as set forth above.

10. *Counsel.* The Receiver is hereby empowered to employ independent legal counsel, to furnish legal advice to the Receiver for such purposes as may be necessary during the period of receivership. Nothing herein shall prohibit Receiver from engaging as such counsel any law firm with which Receiver is affiliated.

### EXHIBIT A

### OATH OF RECEIVER

BEFORE ME, the undersigned authority this day, personally appeared _____, to me known, who being first duly sworn, says:

1. That he is the person who has been appointed receiver of the real and personal property constituting the subject matter of this action, consisting principally of the VICTOR, CARDOZO, SENATOR, CARLYLE, LESLIE and CAVALIER HOTELS, and related property, pursuant to order of this Court dated February ___, 1986.

2. That he will faithfully administer the properties with which he has been entrusted in accordance with law.

3. That his place of residence is _____, _____.

_____

Sworn to and Subscribed before me this ___ day of _____, 1986.

_____

NOTARY PUBLIC

My Commission Expires:

### EXHIBIT B

### RECEIVERSHIP BOND

KNOW ALL MEN BY THESE PRESENTS, that we, _____, of _____ County, Florida, as principal (the "Receiver") and _____, a _____ corporation duly authorized to do business in the State of Florida as surety, are held and firm bound unto the United States District Court for the Southern District of Florida, in the sum of $_____, in lawful money of the United States; to be paid to the said Court, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators, successors, and assigns, jointly and severally, by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT:

WHEREAS, the Receiver was, on the ___ day of February, 1986, appointed receiver in the case pending in foreclosure in the captioned action, and the Receiver has accepted the said receivership with all the duties and obligations pertaining thereto;

NOW, THEREFORE, if the Receiver, as aforesaid by his agents, servants and employees, shall not intentionally, willfully or with gross negligence, violate any orders which said Court may make in relation to said receivership, and shall faithfully and truly account for all the moneys, assets, and effects which shall come into his hands and possession, then this obligation shall be void; otherwise, this obligation shall remain in full force and effect.

SIGNED AND SEALED this ___ day of _____, 1986.

_____
Principal
BY: _____
Surety

Approved this ___ day of _____, 1986.

_____
Clerk of the Court
BY: _____
Deputy Clerk